IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned December 19, 2019

## JEFF ROBINSON v. CODY HAYNES ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 193801-3      Michael W. Moyers, Chancellor**

_____

### No. E2019-00477-COA-R3-CV

_____

This is an appeal from a case involving a contract for the sale of real property. The Trial Court disposed of some of the claims by granting summary judgment. Other claims were dismissed or voluntarily non-suited, and the Trial Court attempted to render its judgment final by citing to Rule 54 of the Tennessee Rules of Civil Procedure. The Trial Court, however, reserved disposition of a petition for attorney's fees and an amended petition for attorney's fees. As a result of the reservation of the disposition of the petitions for attorney's fees there is no final judgment, and this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; CHARLES D. SUSANO, JR., J.; AND THOMAS R. FRIERSON, II, J.

Taylor Robinson Dahl, Clarksville, Tennessee, for the appellant, Jeff Robinson.

H. Stephen Gillman, Knoxville, Tennessee, for the appellee, Cody Haynes.

William L. Waters, Knoxville, Tennessee, for the appellees, Faye Messer and the Cody J. Haynes Trust.

Tyler D. Smith, Knoxville, Tennessee, for the appellees, Furrow Strickland Real Estate Services, Rob Strickland, and Wes Cate.

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The appellant filed a response to the show cause order, which shows that the Trial Court reserved the petitions for attorney's fees. As such, the order from which the appellant seeks review is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); s*ee e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.* No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018), *appl. perm. appeal denied Aug. 9, 2018* (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009), *no appl. perm. appeal filed* ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Grand Valley Lakes Property Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, *3 (April 13, 2009), *no appl. perm. appeal filed* (stating "the circuit court did not resolve Grand Valley's request for attorney's fees . . .. As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order."); *Headrick v. Headrick*, No. E2004-00730-COA-R3-CV, 2005 WL 524807, at *3 (Tenn. Ct. App. March 7, 2005), *no appl. perm. appeal filed* ("Our Supreme Court has held that '[a]n order made final pursuant to rule 54.02 must be made dispositive of an entire claim or party.'

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case

*Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 558 (Tenn. 1990).  Since the trial court has reserved the issue of attorney's fees, which is a claim by one or both parties in this lawsuit, there is no final order appealable at this time."); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995), *no appl. perm. appeal filed* ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (footnote omitted)); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, at *1 (Tenn. Ct. App. Oct. 21, 1994), *no appl. perm. appeal filed* ("Since there is no order in the record before us *finally* disposing of the Plaintiff's claim for attorney fees at the trial level, the Order from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (emphasis in original) (footnote omitted)).

Because it is clear that there is no final judgment in this case, the appeal is dismissed.  Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**